NOTICE
Decision filed 09/01/22. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2022 IL App (5th) 220245

NO. 5-22-0245

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* M.B., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Vermilion County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18-JA-63 |
| | ) | |
| Iva B., | ) | Honorable |
| | ) | Thomas M. O'Shaughnessy, |
| Respondent-Appellant). | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court, with opinion.
Justices Cates and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1     This is an appeal of a judgment of paternity entered by the circuit court of Vermilion County, finding Timothy S. to be the biological father of the minor, M.B., and disestablishing the parentage of his presumed father, Daniel B. The appellant, Iva B., is M.B.'s biological mother. A deoxyribonucleic acid (DNA) test ordered by the court showed that Timothy S. was M.B.'s biological father, and not Daniel B., his presumed father to whom Iva B. was married at the time of M.B.'s birth. Iva B. now challenges the judgment of paternity, asserting that the court did not have the authority to consider the results of the DNA test and those results should therefore be stricken. Based on the following, we reverse the court's judgment finding that Timothy S. was M.B.'s biological father.

1

¶ 2                                          I. BACKGROUND

¶ 3      Iva B. married Daniel B. on March 19, 2004, and they remained married until his death on June 2, 2008. M.B. was born on July 2, 2007, during the course of their marriage. Daniel B. did not sign a voluntary acknowledgment of paternity (VAP) when M.B. was born; however, because of the marriage, he was M.B.'s presumed father.

¶ 4      On July 3, 2018, the State filed a petition for adjudication of wardship of M.B. Iva B. was ultimately determined to be an unfit parent, but her parental rights were not terminated, as the trial court found that would not be in the best interests of the child. On April 15, 2021, the court entered an order for DNA testing between M.B. and Timothy S., his putative parent. On August 26, 2021, the DNA test was returned, indicating Timothy S. was M.B.'s biological father. On September 9, 2021, the State filed a motion for summary judgment on paternity. The State's motion made three assertions: (1) M.B. was born on July 2, 2007, (2) DNA testing was done on M.B. and Timothy S., showing a probability of paternity of 99.99%, and (3) neither Timothy S. nor Iva B. provided any evidence that Timothy S. was not the child's father, nor any claim or evidence that the DNA test was faulty. On December 29, 2021, Timothy S. filed a petition to establish paternity.

¶ 5      On April 20, 2022, the trial court held a hearing on the two motions. At the hearing, Timothy S. testified that he was aware that Iva B. had become pregnant with his child in 2006. Though Iva B. told Timothy S. that she was going to abort the pregnancy, she did not follow through with the procedure. Timothy S. testified that he assumed she went through with the abortion; however, he also stated that he requested a DNA test of M.B. after Daniel B. died, when M.B. was approximately two years old. Based on his testimony, the court found that his delay in establishing paternity was not due to a legal disability, duress, or the result of fraudulent concealment. Therefore, the court ruled that—pursuant to section 608(a) of the Illinois Parentage

2

Act of 2015 (Act) (750 ILCS 46/608(a) (West 2020)), which establishes a two-year statute of limitations for bringing a petition to establish parentage by an alleged father in a circumstance where there is a presumed father—a preponderance of the evidence established (1) that Timothy S. knew or should have known facts relevant for him to have commenced an action within the statutory period and (2) that the relevant statutory period had already expired. The court thereafter dismissed Timothy S.'s petition for parentage as time barred.

¶ 6      The trial court determined, however, that the State's motion for summary judgment on paternity was not time barred, as it was not subject to the same statute of limitations provision. The court found that nothing in the pleadings or affidavits rebutted the results contained in the DNA laboratory report that was filed as an attachment to the State's motion. Based on the DNA test results, the court concluded that there was no genuine issue of material fact as to the issue of biological parentage. Therefore, it found Timothy S. to be the biological parent of M.B. On April 21, 2022, a judgment of paternity was entered, establishing Timothy S. as the biological father of M.B. Iva B. appeals.

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, Iva B. argues that the trial court erred in admitting the results of the DNA test and in disestablishing the parent-child relationship between Daniel B. and M.B., where a presumption of parentage arose as she and Daniel B. were married at the time of M.B.'s birth and where the motion to disestablish Daniel B.'s parentage was brought by the State. We agree.

¶ 9      The Act creates a statutory mechanism for legally establishing a parent-child relationship in Illinois. *J.S.A. v. M.H.*, 224 Ill. 2d 182, 198 (2007). The Act's purpose is to further the public policy of recognizing the right of every child to the physical, mental, emotional, and monetary

3

support of their parents. *In re N.C.*, 2013 IL App (3d) 120438, ¶ 16. When the parentage of a child is the subject of a civil action, the provisions of the Act shall apply. *Id.*

¶ 10    The Act provides that a father-child relationship can be established by presumption, consent, or judicial determination. *Id.* ¶ 17. Under the Act, a presumption of parentage arises where "the person and the mother of the child have entered into a marriage, civil union, or substantially similar legal relationship, and the child is born to the mother during the marriage." 750 ILCS 46/204(a)(1) (West 2020).

¶ 11    The Act also contains several mechanisms for challenging an established parent and child relationship. Under section 205(a):

> "An action to declare the non-existence of the parent-child relationship may be brought by the child, the birth mother, or a person presumed to be a parent under Section 204 of this Act. Actions brought by the child, the birth mother, or a presumed parent shall be brought by verified complaint, which shall be designated a petition. After a presumption under Section 204 of this Act has been rebutted, parentage of the child by another man or woman may be established in the same action, if he or she has been made a party." *Id.* § 205(a).

¶ 12    However, section 205(b) limits the right to bring an action to "declare the non-existence of the parent-child relationship brought under subsection (a) of this Section" in that it "shall be barred if brought later than 2 years after the petitioner knew or should have known of the relevant facts." *Id.* § 205(b).

¶ 13    Similarly, section 608 provides that when a child has a presumed parent:

> "(a) An alleged father, as that term is defined in Section 103 of this Act, must commence an action to establish a parent-child relationship for a child having a presumed parent not later than 2 years after the petitioner knew or should have known of the relevant facts. The time the petitioner is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.
> (b) A proceeding seeking to declare the non-existence of the parent-child relationship between a child and the child's presumed father may be maintained at any time by a person described in paragraphs (1) through (4) of subsection (a) of Section 204 of this Act if the court determines that the presumed father and the mother of the child neither cohabited nor engaged in sexual intercourse with each other during the probable time of conception.

4

(c) An adjudication under this Section shall serve as a rebuttal or confirmation of a presumed parent as defined in subsection (p) of Section 103." *Id.* § 608.

¶ 14 The plain language of these statutory sections specifies which parties may bring an action to declare the nonexistence of the parent-child relationship. Those sections do not authorize the State to bring such a motion.

¶ 15 Here, this appeal is based on a judgment entered on a motion filed by the State, not by a parent or the child. The State may not bring a motion to disestablish parentage. Daniel B. was married to Iva B. at the time of M.B.'s birth, so Daniel B. was the presumed father of M.B. Timothy S. was the putative parent. The State was not allowed under the Act to bring an action seeking to disestablish the parentage of Daniel B. to M.B. as he was M.B.'s presumed parent.

¶ 16 The Act creates a rebuttable presumption of parentage when, as here, the presumption arises from marriage. The State's motion to establish Timothy S., the putative parent, as M.B.'s biological parent, based on the results of DNA testing, was improper where to do so would disestablish Daniel B.'s parentage and where Timothy S. was time barred from bringing a similar action. Timothy S. would have had standing to file such a motion; however, he waited too long to file an action to establish his parentage as the applicable statute of limitations had already expired.

¶ 17 Based on the provisions of the Act, the trial court erred in entering a judgment of paternity on the State's motion. Therefore, the court erred in entering a judgment of paternity finding Timothy S. to be the biological parent of M.B.

¶ 18                                     III. CONCLUSION

¶ 19 For the foregoing reasons, the judgment of the circuit court of Vermilion County finding Timothy S. to be the biological father of M.B. is hereby reversed.

¶ 20 Reversed.

2022 IL App (5th) 220245

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Vermilion County, No. 18-JA-63; the Hon. Thomas M. O'Shaughnessy, Judge, presiding. |
| **Attorneys for Appellant:** | Kimberly E. Blakely, of Alexander City, Alabama, for appellant. |
| **Attorneys for Appellee:** | Jacqueline Lacy, State's Attorney, of Danville (Patrick Delfino and Patrick D. Daly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |